OPINION OF THE COURT
Lee L. Holzman, J.
In this accounting proceeding, the executrix moves for summary judgment dismissing the objections of the specific legatee *238 of a cooperative apartment (315 shares of the cooperative corporation). The primary issue, which appears to be one of first impression, is whether, for the purpose of apportioning estate taxes under EPTL 2-1.8, the objectant’s legacy should be valued at its gross value, i.e., its unencumbered value on the date of the decedent’s death, April 22, 2001, or its net or book value, i.e., the gross value minus the mortgage loan on the cooperative apartment.
The movant contends that, for the purpose of apportioning estate taxes, the legacy should be valued at $215,000, the amount for which the apartment was sold and the amount listed in Schedule B of the United States estate tax return (form 706) as the value of the stock in the cooperative corporation. The objectant contends that the legacy should be valued at $160,558.07 ($215,000 minus the mortgage of $54,441.93 on the cooperative apartment which was satisfied by the objectant at the closing and for which the estate took a deduction in Schedule K on form 706). For the reasons stated below, the court holds that the value of the legacy for the purpose of tax apportionment is $160,558.07.
The pertinent provisions of EPTL 2-1.8 provide as follows:
“(a) . . . the amount of the tax . . . shall be equitably apportioned among the persons interested in the gross tax estate, ... in accordance with the rules of apportionment herein set forth, and the persons benefited shall contribute the amounts apportioned against them . . .
“(c) (1) The tax shall be apportioned among the persons benefited in the proportion that the value of the property or interest received by each such person benefited bears to the total value of the property and interest received by all persons benefited, the values as finally determined in the respective tax proceedings being the values to be used as the basis for an apportionment of the respective taxes.”
Although this appears to be a case of first impression under EPTL 2-1.8, its predecessor statute explicitly stated that in apportioning the taxes “allowances shall be made . . . for any deductions allowed ... for the purpose of arriving at the value of the net estate” (Decedent Estate Law § 124). The parties have not presented any legislative history explaining why the above language was not included in EPTL 2-1.8. The most likely reason for this omission is either or both because the Legislature intended that the net value of the legacy should be used in ap *239 portioning estate taxes where the legacy is subject to a mortgage, including those instances where the estate is not entitled to a deduction on the estate tax return, or because the Legislature deemed the omitted language unnecessary surplus-age in light of the mandate in EPTL 2-1.8 (a) and (c) (1) that the tax “shall be equitably apportioned” based upon the “value of the property” as “determined in the respective tax proceedings.”
Here, the cooperative apartment that was bequeathed to the objectant was computed as having a net value of $160,558.07 for estate tax purposes in determining the taxable estate of $992,903.11. This is so because included in the allowable deductions that were subtracted from the total gross estate to determine the taxable estate was the mortgage of $54,441.93 on the cooperative apartment. In short, adopting the position of the executrix would result in other legatees unfairly receiving the benefit of a tax deduction for the mortgage that was a lien on the objectant’s legacy which he was required to satisfy at the closing of the sale of the cooperative apartment.
An example demonstrates that equity dictates that the legatee who had to satisfy the mortgage to sell the specifically bequeathed property should receive a credit for the amount of the mortgage in valuing the property in apportioning the estate taxes in those estates where the estate has been allowed a deduction for the amount of the mortgage. Consider if this estate consisted of $10,000,000, all in cash bequeathed to the other legatees, and a cooperative apartment valued at $10,000,000, encumbered by a mortgage of $8,000,000, bequeathed to the objectant. If the construction sought by the executrix were adopted in this hypothetical, the objectant would be responsible for paying one half of the estate taxes, an amount exceeding the value of the property bequeathed to him. Such a result defies logic and is contra to the statutory mandate that the amount of the tax shall be equitably apportioned.
Accordingly, the motion for summary judgment is denied with regard to objection 2 and the executrix is directed to expeditiously serve upon the objectant and file a supplemental schedule apportioning the estate taxes payable by the objectant based upon his legacy being valued at $160,558.07. The motion is granted with respect to the other objections, either because they are without merit or because they relate to the form of the account or to the schedule upon which a particular entry appears without having any impact upon the objectant’s pecuniary *240 interests. The objectant’s request for costs is granted in the sum of $40 (SCPA 2302 [1]).